**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT LOGAN,**

                              **Plaintiff,**

                v.                                    **9:16-CV-1412**
                                                                       **(FJS/CFH)**

**A. HARVEY, Commissioner Hearing Officer,**

                              **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **ROBERT LOGAN**<br>03-A-0391<br>Sing Sing Correctional Facility<br>354 Hunter Street<br>Ossining, New York 10562<br>Plaintiff *pro se* | |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant | **MATTHEW P. REED, AAG** |

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff, an inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Harvey, an employee at Great Meadows Correctional Facility during the relevant time period, violated his rights under the Fourteenth Amendment. *See generally* Dkt. No. 1.

      On May 15, 2017, Defendant filed a motion to dismiss for failure to state a claim pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 21. Plaintiff opposed that motion. *See* Dkt. No. 23. In a Report-Recommendation and Order dated September 25, 2017 (filed September 26, 2017), Magistrate Judge Hummel recommended that this Court grant Defendant's motion and dismiss Plaintiff's complaint in its entirety with prejudice. *See* Dkt. No. 24 at 22. Specifically, although Magistrate Judge Hummel concluded that he could not find "as a matter of law, based on the current record, that [P]laintiff [had] fail[ed] to allege the deprivation of a protected liberty interest[,]" *see id.* at 13 (footnote omitted), he concluded that, because Plaintiff had not demonstrated "a denial of due process . . . he ha[d] not demonstrated a prima facie Fourteenth Amendment claim[,]" *see id.* at 20 (citing *Mitchell*, 974 F. Supp. at 342 ("To state a procedural due process claim challenging a disciplinary action, a prisoner must allege both that he was deprived of a liberty interest cognizable under the Due Process Clause, and that he was deprived of that interest without the requisite [procedural due] process.")).

Pending before the Court are Plaintiff's objections to Magistrate Judge Hummel's findings and recommendations. *See* Dkt. No. 25. Specifically, Plaintiff objects to Magistrate Judge Hummel's findings that (1) Plaintiff's sixty days in SHU did "not meet the federal liberty interest standard or the atypical and significant hardship standard," (2) Plaintiff did not raise the issue of the deprivation of his right to access the courts, (3) "hot water deprivation did not amount to [Plaintiff] suffering [a] severe and pervasive condition," and (4) Defendant Harvey was an impartial hearing officer and that he relied on some reliable evidence to find Plaintiff guilty "of lewd conduct, direct order refusal and employee interference charges[.]" *See generally* Dkt. No. 25. However, Plaintiff agrees with Magistrate Judge Hummel that "further development of the record, through discovery will support the liberty interest and atypical and significant hardship standard" with regard to the

constant cell light illumination and the food. *See id.* at ¶ 5 (citations omitted).

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). "'"If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error."'" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Magistrate Judge Hummel throughly discussed each of the claims Plaintiff asserted to support his argument that Defendant had violated certain of his protected liberty interests during his sixty day confinement in SHU, that is, (1) that he was deprived of access to the courts when his legal papers were not brought to SHU; (22) that he was deprived of sleep due to the constant cell light illumination which caused him headaches and blurred vision; (3) that he suffered stomach pain, vomiting, diarrhea, and nausea from the food; (4) that he suffered unhygienic conditions due to the cold shower water; and (5) that he suffered a delay in his vocational food service certification training. *See* Dkt. No. 24 at 6-13. Magistrate Judge Hummel ultimately held that Plaintiff had "not established that his lack of access to hot showers, his legal materials, and his vocational training amounted to an atypical or significant condition of confinement." *See id.* at 11. To the contrary, he concluded that, "[b]ecause the factual record is not developed as to the full extent of [P]laintiff's

-3-

alleged sleep deprivation and food conditions in SHU and [P]laintiff has alleged more than a speculative statement that he was deprived of his due process rights, . . . [he could not] conclude as a matter of law that [P]laintiff's conditions fail[ed] to allege a deprivation of a [protected] liberty interest as it relates to these conditions." *See id.* at 12 (citations omitted).

Magistrate Judge Hummel, therefore, continued his analysis of Plaintiff's claims by addressing the issue of whether Plaintiff had demonstrated a denial of procedural due process. In doing so, Magistrate Judge Hummel correctly noted that the fact "that [a] plaintiff may be able to establish a protected liberty interest with respect to his conditions of confinement does not require a finding that this case survive [a] [m]otion to [d]ismiss as [a] plaintiff must establish both a protected liberty interest and a denial of procedural due process to state a prima facie Fourteenth Amendment claim." *See id.* at 13 n.5 (citing *Mitchell*, 974 F. Supp. at 342 ("To state a procedural due process claim challenging a disciplinary action, a prisoner must allege both that he was deprived of a liberty interest cognizable under the Due Process Clause, and that he was deprived of that interest without the requisite [procedural due] process.")).

Although Plaintiff objects to several of Magistrate Judge Hummel's findings regarding his allegations that he was deprived of certain protected liberty interests, such disagreement is irrelevant if, as Magistrate Judge Hummel concluded, Plaintiff has failed to demonstrate that he was deprived of those liberty interests without procedural due process. Therefore, for purposes of analyzing Magistrate Judge Hummel's ultimate conclusion that Plaintiff failed to show that Defendant denied him procedural due process, the Court will assume that Plaintiff has shown that all his deprivation claims rise to the level of protected liberty interests.

The Court has reviewed the record *de novo* with regard to Plaintiff's claim that Defendant

was not an impartial hearing officer and did not have reliable evidence on which to base his conclusion that Plaintiff was guilty of the charges lodged against him. Having completed that review, the Court finds that Plaintiff's objections are without merit and agrees with Magistrate Judge Hummel's conclusion that Plaintiff's complaint does not "plausibly suggest that he was denied procedural due process protections at the Tier III disciplinary hearing." *See* Dkt. No. 24 at 14.

Accordingly, after reviewing the entire record in this matter, Magistrate Judge Hummel's findings and conclusions in his September 25, 2017 Report-Recommendation and Order, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's September 25, 2017 Report-Recommendation and Order, *see* Dkt. No. 24, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in its entirety with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2017
      Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Judge